1/22/2021                                                    Case Summary



### 2020-LM-004099 : Sunil Jain vs. Sequium Asset Solutions LLC, et al.
DISTRICT COURTS - Wyandotte County District Court

| | | | |
|---|---|---|---|
| **Case Number** | 2020-LM-004099 | **Plaintiff** | Sunil Jain |
| **Case Type** | Other Tort | **Defendant** | Sequium Asset Solutions LLC et al |
| **Opened** | | **Judge** | Courtney H Mikesic - Division CMIKESIC |
| **Status** | Active | | |

⊞ Show/Hide Participants

| File Date | Case History |
|---|---|
| 12-02-2020 | Petition PLE: Petition |
| 12-10-2020 | Summons Charter PLE: Summons |
| 12-10-2020 | Summons Sequium PLE: Summons |
| 01-20-2021 | Return of Service Sequium Asset Solutions LLC RET: Return of Service |
| 01-20-2021 | Return of Service Charter Communications Inc. RET: Return of Service |
| 01-21-2021 | Entry of Appearance INF: Entry of Appearance |

**Exhibit 2**

ELECTRONICALLY FILED
2020 Dec 02 PM 1:37
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER:  2020-LM-004099

**In the  District Court of  Wyandotte County, Kansas**
**Limited Actions Division**

| | |
|---|---|
| SUNIL JAIN,<br><br>                         Plaintiff,<br><br>vs.<br><br>SEQUIUM ASSET SOLUTIONS, LLC<br>AND CHARTER COMMUNICATIONS,<br>INC.<br><br>                         Defendants. | Case Number: _____ |

## **PETITION**

COMES NOW Plaintiff, by and through counsel, and for Plaintiff's causes of action against Defendants Sequium Asset Solutions, LLC and Charter Communications, Inc. states as follows:

1.     Plaintiff is a resident of Kansas.

2.     Defendant Sequium Asset Solutions, LLC is a Georgia Limited Liability Company.

3.     At all times relevant hereto, Defendant Sequium Asset Solutions, LLC was and is engaged in the business of collecting consumer debts in Kansas.

4.     Defendant Charter Communications, Inc. is a Delaware Corporation.

5.     At all times relevant hereto, Defendant Charter Communications, Inc. was and is engaged in the business of providing cable and cell services in Kansas.

**Exhibit 2**

6.      The Court has concurrent jurisdiction over the Fair Debt Collection Practices Act pursuant to 15 USC §1692k(d).

7.      In January 2020, Plaintiff subscribed to an internet service provided by Defendant Charter Communications, Inc.  for a 10-day trial period and cancelled within the 10-day period.

8.      Plaintiff was informed by Defendant Charter Communications, Inc. that the fees were waived because Defendant Charter Communications, Inc.  also had a 30-day guarantee.

9.      Subsequent to the cancelling within the ten day period, Defendant Charter Communications, Inc. sent the account to a debt collector, Defendant Sequium, alleging that the debt was owed and past due in the amount of $80.00.

10.     Upon receiving the account from Defendant Charter Communications, Inc., Defendant Sequium attempted to collect the debt that was not owed by falsely reporting a collection to Equifax, Experian, and Trans Union.

11.     The adverse account appeared on Plaintiff's credit reports from Equifax, Experian, and Trans Union.

12.     In January 2020, Plaintiff contacted Defendant Charter Communications, Inc. to complain about the bad credit reporting.

13.     In that conversation in January, 2020, Defendant Charter Communications, Inc. told Plaintiff that Defendant Charter Communications, Inc.'s records indicated a balance of $0.00.

**Exhibit 2**

14.     Lenders of Plaintiff who accessed Plaintiff's credit reports during this time period were falsely told that Plaintiff did not pay his debts.


## COUNT I
## <u>FAIR DEBT COLLECTION PRACTICES ACT</u>

COMES NOW Plaintiff Sunil Jain, and as for Count I against Defendant Sequim Asset Solutions, LLC, states and alleges as follows:

15.     Plaintiff incorporates herein the preceding paragraphs as though fully set forth hereunder.

16.     This is an action for damages brought by an individual consumer for Defendant Sequium Asset Solutions, LLC's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. (hereinafter FDCPA), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

17.     Plaintiff is a consumer as defined by 15 USC §1692a(3) of the FDCPA.

18.     The principal purpose of Defendant Sequium Asset Solutions, LLC is the collection of consumer debts using the mails and telephone, and Defendant Sequium Asset Solutions, LLC regularly attempts to collect debts alleged to be due another.

19.     Defendant Sequium Asset Solutions, LLC is a debt collector as defined by 15 USC §1692a(3) who uses any instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the collection of any

**Exhibit 2**

debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another or by taking of assignment of a debt already declared to be in default by the originating creditor.

20.     The Defendant Sequium Asset Solutions, LLC was attempting to collect a consumer debt as defined by 15 USC §1692a(5) as an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

21.     The standard in determining whether the Defendant Sequium Asset Solutions, LLC violated the FDCPA is the least sophisticated consumer standard. Claims should be viewed from the perspective of a consumer whose circumstances make him relatively more susceptible to harassment, oppression or abuse. *Schweizer v. Trans Union Corp.*, 136 F.3d 233, 237 (2nd Cir. 1998); *Swanson v. Southern Oregon Credit Service*, 869 F.2d 1222, 1225-27 (9th Cir. 1988); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172 -75 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991).

22.     In 2019, Plaintiff subscribed to a trial internet service that Defendant Sequium Asset Solutions, LLC Charter Communications was offering.

23.     Plaintiff timely cancelled the service prior to the expiration of the trial period and his account with Charter Communications had a $0.00 balance.

**Exhibit 2**

24.     Despite having a zero balance, Defendant Charter Communications hired Defendant Sequium Asset Solutions, LLC to collect a balance from Plaintiff of $80.00.

25.     In its efforts to collect the $80.00 on December 30, 2019, Defendant Sequium Asset Solutions, LLC reported incorrect averse credit information to Equifax, Experian and Trans Union regarding an account supposedly owed to Charter Communications.

26.     This adverse credit information was false because the account had a $0.00 balance.

17.     This was the only adverse reporting on Plaintiff's Equifax, Experian and Trans Union credit report.

18.     As a result of Defendant Sequium Asset Solutions, LLC Sequium Asset Solutions, LLC and Charter Communications, Inc. reporting this adverse credit information was published by Equifax, Experian and Trans Union to Plaintiff's existing and potential creditors.

19.     15 U.S.C. §  1692e entitled false or misleading representations states that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: The false representation of the character, amount, or legal status of any debt (15 U.S.C. §  1692e(2)(A)); and the threat to take any action that cannot legally be taken or that is not intended to be taken (15 U.S.C. §   1692e(5)); and the use of any false

**Exhibit 2**

representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer (15 U.S.C. §  1692e(10)).

20.     5 U.S.C. §  1692f entitled unfair practices states that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

21.     Without limiting the general application of the foregoing, the following conduct is a violation of this section:  the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law (15 U.S.C. §  1692f(1)).

22.     The above-described acts are misleading to the  least sophisticated consumer

23.     Defendant Sequium Asset Solutions, LLC's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

24.     As a result of the above violations of the stated Act, the Defendant Sequium Asset Solutions, LLC is liable to the Plaintiff for actual damages; statutory damages up to $1,000.00 pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant Sequium Asset Solutions, LLC for actual damages; statutory damages pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees

**Exhibit 2**

pursuant to 15 U.S.C. §1692k; and for such other and further relief as may be just and proper.

## Count I – Kansas Consumer Protection Act

COMES NOW Plaintiff, and as for Count I against Defendants Sequium Asset Solutions, LLC and Charter Communications, Inc., states and alleges as follows:

25.     Plaintiff hereby incorporates all other paragraphs herein.

26.     This Court has jurisdiction under K.S.A. §50-601, *et seq.*, the Kansas Consumer Protection Act (KCPA).

27.     Venue and personal jurisdiction are proper in this Court under K.S.A. §50-638(b) because Defendants Sequium Asset Solutions, LLC and Charter Communications, Inc. has engaged in collection activities in Wyandotte County, Kansas.

28.     Plaintiff is an individual within the meaning of the Kansas Consumer Protection Act.

29.     Plaintiff is a consumer as defined by K.S.A. §50-624(b) (2001).

30.     Defendants Sequium Asset Solutions, LLC and Charter Communications, Inc are suppliers as defined by K.S.A. §50-624(i) (2009) because it engages in or enforces consumer transactions.

31.     The transaction is a consumer transaction as defined by K.S.A. §50-624(c) (2011) in that it was for personal, family, or household purposes.

**Exhibit 2**

32.    K.S.A §50-626 (2011) provides:

*(a)      No supplier shall engage in any deceptive act or practice in connection with a consumer transaction.*

33.    K.S.A §50-626 (2009) provides a non-exhaustive list of deceptive practices, a few of which are:

*(b)      Deceptive acts and practices include, but are not limited to, the following, each of which is hereby declared to be a violation of this act, whether or not any consumer has in fact been misled:*

*(1)      Representations made knowingly or with reason to know that:  (B) the supplier has a . . . status . . . that the supplier does not have;*

*(3)      The willful failure to state a material fact, or the willful concealment, suppression or* omission of a material fact . . . [.]

*(8)      Falsely stating, knowingly or with reason to know, that a consumer transaction involves consumer . . . obligations.*

34.    K.S.A §50-627 provides that *"(a) No supplier shall engage in any unconscionable act or practice in connection with a consumer transaction. An unconscionable act or practice violates this act whether it occurs before, during or after the transaction."*

35.    K.S.A §50-627 provides that in determining whether an act or practice is unconscionable, the Court shall consider circumstances of which the supplier knew or had reason to know, such as, but not limited to the following that:

*(1) The supplier took advantage of the inability of the consumer reasonably to protect the consumer's interests because of the consumer's physical infirmity, ignorance, illiteracy, inability to understand the language of an agreement or similar factor; and*

8

**Exhibit 2**

*(3)  the consumer was unable to receive a material benefit from the subject of the transaction;*

36.     Defendants Sequium Asset Solutions, LLC and Charter Communications, Inc.'s acts and omissions violated K.S.A. §50-627 cited above and were unconscionable acts under the Kansas Consumer Protection Act.

37.     Defendants   Sequium   Asset   Solutions,   LLC   and   Charter Communications, Inc.'s acts and omissions were willful and were part of a pattern of deceptive and unconscionable acts and practices.

38.     Each act or omission described above constitutes a separate violation of the Kansas Consumer Protection Act, K.S.A. §50-623, et seq.

39.     Because of Defendants Sequium Asset Solutions, LLC and Charter Communications, Inc.'s deceptive acts, Plaintiff is an aggrieved consumer, has suffered loss and been harmed, has incurred actual damages, and has incurred attorneys' fees.

40.     Under  K.SA.  §50-634(e)(1),  Plaintiff  is  entitled  to  reasonable attorneys' fees against Defendants Sequium Asset Solutions, LLC and Charter Communications, Inc. for having prosecuted this action.

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants Sequium Asset Solutions, LLC and Charter Communications, Inc. and requests the Court:

**Exhibit 2**

a.    Issue a declaratory judgment that Defendants Sequium Asset Solutions, LLC and Charter Communications, Inc. has violated the Kansas Consumer Protection Act under K.S.A. §50-634(a)(1);

b.    Award actual damages and restitution to Plaintiff;

c.    If actual damages are less than $10,000.00, award statutory damages in an amount determined by the Court up to $10,000.00 per violation under K.S.A. §50-634(b) and K.S.A. §50-636 for every violation of the Kansas Consumer Protection Act;

d.    Issue an injunction against Defendants Sequium Asset Solutions, LLC and Charter Communications, Inc. precluding it from continuing the above-described conduct under K.S.A. §50-634(a)(2);

e.    Award costs and reasonable attorneys' fees, under K.S.A. §50-634; and

f.    Such other and further relief as the Court deems just and equitable.

**Exhibit 2**

Respectfully submitted,
By: /s/ A.J. Stecklein
A.J. Stecklein #16330
Michael Rapp #25702
Stecklein & Rapp, Chd.
748 Ann Ave
Kansas City, KS 66101
Telephone:  (913) 371-0727
Facsimile:  (913) 371-0147
Email:
aj@kcconsumerlawyer.com

mr@kcconsumerlawyer.com
Attorneys for Plaintiff

11

**Exhibit 2**

## ELECTRONICALLY FILED
2020 Dec 10 AM 11:29
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER:  2020-LM-004099

Sunil Jain

vs.

Sequium Asset Solutions LLC, et al. et. al.

**SUMMONS**

To the above-named Defendant/Respondent:

**Charter Communications Inc**

**Corporation Service Company**

**2900 SW Wanamaker Drive, Suite 204**

**Topeka, KS  66614**

You are hereby notified that a lawsuit commenced against you will be on this court's docket at 09:00 AM, on 02/08/2021, to be held at the following location:

Wyandotte County District Court

Wyandotte County District Court

710 N. 7th St.

Kansas City, KS 66101

If you do not appear before this court or file an answer at such time, judgment by default will be taken against you for the relief demanded in the petition.

If you intend to appear at such time and dispute the petition, you must file an answer with the clerk of this court within 14 days thereafter.

If you are not represented by an attorney, the answer shall be signed by you.  The answer shall state the following:

(1) what the dispute is;

(2) any affirmative defenses you have to the claim; and

(3) your (or your attorney's) current address, phone number, fax phone number, and e-mail address.

You must also promptly send a copy of your answer to the plaintiff's attorney or the plaintiff, if the plaintiff has no attorney.



Clerk of the District Court

Electronically signed  on 12/10/2020 11:59:34 AM

**Documents to be served with the Summons:**

Petition

**Exhibit 2**

ELECTRONICALLY FILED
2020 Dec 10 AM 11:29
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2020-LM-004099

Sunil Jain

vs.

Sequium Asset Solutions LLC, et al. et. al.

**SUMMONS**

To the above-named Defendant/Respondent:

> **Sequium Asset Solutions LLC**
>
> **Registered Agent Solutions, Inc.**
>
> **2101 SW 21st Street**
>
> **Topeka, KS  66604**

You are hereby notified that a lawsuit commenced against you will be on this court's docket at 09:00 AM, on 02/08/2021, to be held at the following location:

> Wyandotte County District Court
>
> Wyandotte County District Court
>
> 710 N. 7th St.
>
> Kansas City, KS 66101

If you do not appear before this court or file an answer at such time, judgment by default will be taken against you for the relief demanded in the petition.

If you intend to appear at such time and dispute the petition, you must file an answer with the clerk of this court within 14 days thereafter.

If you are not represented by an attorney, the answer shall be signed by you.  The answer shall state the following:

(1) what the dispute is;

(2) any affirmative defenses you have to the claim; and

(3) your (or your attorney's) current address, phone number, fax phone number, and e-mail address.

You must also promptly send a copy of your answer to the plaintiff's attorney or the plaintiff, if the plaintiff has no attorney.



Clerk of the District Court

Electronically signed  on 12/10/2020 11:59:34 AM

**Documents to be served with the Summons:**

Petition

**Exhibit 2**

ELECTRONICALLY FILED
2021 Jan 20 PM 3:07
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER:  2020-LM-004099

## IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
## LIMITED ACTIONS DIVISION

| | |
|---|---|
| **SUNIL JAIN,** | |
| **Plaintiff,** | |
| **vs.** | **Case Number: 2020-CV-004099** |
| **SEQUIUM ASSET SOLUTIONS, LLC, et al.,** | |
| **Defendants.** | |

## RETURN OF SERVICE

I hereby certify that a Petition and Summons were served on the 4th day of January 2021 in the above-captioned matter by certified mail return receipt requested to Defendant Sequium Asset Solutions, LLC. The name and address on the envelope containing the process mailed by certified mail return receipt requested were Sequium Asset Solutions LLC, Registered Agent: Registered Agent Solutions, Inc., 2101 SW 21st St., Topeka, Kansas 66604.

The certified mail return receipt is attached hereto.

Respectfully submitted,


By: /s/ A.J. Stecklein
A.J. Stecklein #16330
Michael H. Rapp #25702
Matthew S. Robertson #27254
Stecklein & Rapp Chartered
748 Ann Avenue, Suite 101
Kansas City, Kansas 66101
Telephone:  913-371-0727
Facsimile:  913-371-0727
Email: AJ@KCconsumerlawyer.com
        MR@KCconsumerlawyer.com
        MSR@KCconsumerlawyer.com
Attorneys for Plaintiff

**Exhibit 2**



January 20, 2021

Dear Anne Lamoy:

The following is in response to your request for proof of delivery on your item with the tracking number:
**9214 8901 3247 3400 1313 4885 82**.

| Item Details | |
| --- | --- |
| **Status:** | Delivered, Left with Individual |
| **Status Date / Time:** | January 4, 2021, 11:14 am |
| **Location:** | TOPEKA, KS 66604 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |
| **Recipient Name:** | Registered Agent Solutions Inc |

| Destination Delivery Address | |
| --- | --- |
| **Street Address:** | 2101 SW 21ST ST |
| **City, State ZIP Code:** | TOPEKA, KS 66604-3174 |

**Recipient Signature**

Signature of Recipient: JSB RZ1 –C-A

Address of Recipient: 2101 SW 21st St

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

**Exhibit 2**



## Certificate of Service
## Declaration of Mailing

**CaseMail ID:** `CM-22639-0151.01`
**On Behalf of:**

Stecklein & Rapp
748 Ann Avenue Suite
101Kansas City, KS 66101

**On   December 11, 2020**

A copy of the following documents were deposited for delivery by
`the United Stated Postal Service, via Certified Mail ERR / w`
`signature,`

Postage prepaid, with sufficient postage thereon to the following
recipients.

```
Sequium Asset Solutions LLC
Registered Agent Solutions, Inc.
2101 SW 21st St
Topeka
KS
66604-3174
```

The undersigned does hereby declare under penalty of perjury of the laws of
the United States that I have served the above referenced document(s) on the
mailing list attached hereto in the manner shown and prepared the
Declaration of Certificate of Service and that it is true and correct to the best
of my knowledge, information, and belief.

Dated:  `12/11/2020 12:00 AM`

/ S / Joe L.Ruiz
VerTrius, Corp.
d/b/a CaseMail
16192 Coastal HWY
Lewes, DE 19958

| PROOF OF POSTAGE PAID: |
| --- |



| PROOF OF POSTAGE PAID: |
| --- |



| PROOF OF MAILING: |
| --- |

USPS® verified acceptance of
the attached documents with
sufficient postage paid and
were mailed on the date listed
below:

`12/11/2020`

| CONTENT VERIFICATION: |
| --- |

CaseMail ID:

**CM-22639-0151.01**

**Exhibit 2**

Copyright 2019 by VerTrius Corp All Rights Reserved

ELECTRONICALLY FILED
2020 Dec 02 PM 1:37
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER:  2020-LM-004099

**In the  District Court of  Wyandotte County, Kansas**
**Limited Actions Division**

| | |
|---|---|
| SUNIL JAIN,<br><br>                                Plaintiff,<br><br>vs.<br><br>SEQUIUM ASSET SOLUTIONS, LLC<br>AND CHARTER COMMUNICATIONS,<br>INC.<br><br>                                Defendants. | Case Number: _____ |

## **PETITION**

COMES NOW Plaintiff, by and through counsel, and for Plaintiff's causes of action against Defendants Sequium Asset Solutions, LLC and Charter Communications, Inc. states as follows:

1.      Plaintiff is a resident of Kansas.

2.      Defendant Sequium Asset Solutions, LLC is a Georgia Limited Liability Company.

3.      At all times relevant hereto, Defendant Sequium Asset Solutions, LLC was and is engaged in the business of collecting consumer debts in Kansas.

4.      Defendant Charter Communications, Inc. is a Delaware Corporation.

5.      At all times relevant hereto, Defendant Charter Communications, Inc. was and is engaged in the business of providing cable and cell services in Kansas.

**Exhibit 2**

6.      The Court has concurrent jurisdiction over the Fair Debt Collection Practices Act pursuant to 15 USC §1692k(d).

7.      In January 2020, Plaintiff subscribed to an internet service provided by Defendant Charter Communications, Inc.  for a 10-day trial period and cancelled within the 10-day period.

8.      Plaintiff was informed by Defendant Charter Communications, Inc. that the fees were waived because Defendant Charter Communications, Inc.  also had a 30-day guarantee.

9.      Subsequent to the cancelling within the ten day period, Defendant Charter Communications, Inc. sent the account to a debt collector, Defendant Sequium, alleging that the debt was owed and past due in the amount of $80.00.

10.     Upon receiving the account from Defendant Charter Communications, Inc., Defendant Sequium attempted to collect the debt that was not owed by falsely reporting a collection to Equifax, Experian, and Trans Union.

11.     The adverse account appeared on Plaintiff's credit reports from Equifax, Experian, and Trans Union.

12.     In January 2020, Plaintiff contacted Defendant Charter Communications, Inc. to complain about the bad credit reporting.

13.     In that conversation in January, 2020, Defendant Charter Communications, Inc. told Plaintiff that Defendant Charter Communications, Inc.'s records indicated a balance of $0.00.

**Exhibit 2**

CM-22639-0151

14.     Lenders of Plaintiff who accessed Plaintiff's credit reports during this time period were falsely told that Plaintiff did not pay his debts.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

COMES NOW Plaintiff Sunil Jain, and as for Count I against Defendant Sequim Asset Solutions, LLC, states and alleges as follows:

15.     Plaintiff incorporates herein the preceding paragraphs as though fully set forth hereunder.

16.     This is an action for damages brought by an individual consumer for Defendant Sequium Asset Solutions, LLC's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter FDCPA), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

17.     Plaintiff is a consumer as defined by 15 USC §1692a(3) of the FDCPA.

18.     The principal purpose of Defendant Sequium Asset Solutions, LLC is the collection of consumer debts using the mails and telephone, and Defendant Sequium Asset Solutions, LLC regularly attempts to collect debts alleged to be due another.

19.     Defendant Sequium Asset Solutions, LLC is a debt collector as defined by 15 USC §1692a(3) who uses any instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the collection of any

3

**Exhibit 2**

debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another or by taking of assignment of a debt already declared to be in default by the originating creditor.

20.    The Defendant Sequium Asset Solutions, LLC was attempting to collect a consumer debt as defined by 15 USC §1692a(5) as an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

21.    The standard in determining whether the Defendant Sequium Asset Solutions, LLC violated the FDCPA is the least sophisticated consumer standard. Claims should be viewed from the perspective of a consumer whose circumstances make him relatively more susceptible to harassment, oppression or abuse. *Schweizer v. Trans Union Corp.*, 136 F.3d 233, 237 (2nd Cir. 1998); *Swanson v. Southern Oregon Credit Service*, 869 F.2d 1222, 1225-27 (9th Cir. 1988); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172 -75 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991).

22.    In 2019, Plaintiff subscribed to a trial internet service that Defendant Sequium Asset Solutions, LLC Charter Communications was offering.

23.    Plaintiff timely cancelled the service prior to the expiration of the trial period and his account with Charter Communications had a $0.00 balance.

4

**Exhibit 2**

24.     Despite having a zero balance, Defendant Charter Communications hired Defendant Sequium Asset Solutions, LLC to collect a balance from Plaintiff of $80.00.

25.     In its efforts to collect the $80.00 on December 30, 2019, Defendant Sequium Asset Solutions, LLC reported incorrect averse credit information to Equifax, Experian and Trans Union regarding an account supposedly owed to Charter Communications.

26.     This adverse credit information was false because the account had a $0.00 balance.

17.     This was the only adverse reporting on Plaintiff's Equifax, Experian and Trans Union credit report.

18.     As a result of Defendant Sequium Asset Solutions, LLC Sequium Asset Solutions, LLC and Charter Communications, Inc. reporting this adverse credit information was published by Equifax, Experian and Trans Union to Plaintiff's existing and potential creditors.

19.     15 U.S.C. § 1692e entitled false or misleading representations states that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: The false representation of the character, amount, or legal status of any debt (15 U.S.C. § 1692e(2)(A)); and the threat to take any action that cannot legally be taken or that is not intended to be taken (15 U.S.C. § 1692e(5)); and the use of any false

**Exhibit 2**

CM-22639-0151

representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer (15 U.S.C. §  1692e(10)).

20.    5 U.S.C. §  1692f entitled unfair practices states that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

21.    Without limiting the general application of the foregoing, the following conduct is a violation of this section:  the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law (15 U.S.C. §  1692f(1)).

22.    The above-described acts are misleading to the  least sophisticated consumer

23.    Defendant Sequium Asset Solutions, LLC's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

24.    As a result of the above violations of the stated Act, the Defendant Sequium Asset Solutions, LLC is liable to the Plaintiff for actual damages; statutory damages up to $1,000.00 pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant Sequium Asset Solutions, LLC for actual damages; statutory damages pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees

**Exhibit 2**

CM-22639-0151

pursuant to 15 U.S.C. §1692k; and for such other and further relief as may be just and proper.

## Count I – Kansas Consumer Protection Act

COMES NOW Plaintiff, and as for Count I against Defendants Sequium Asset Solutions, LLC and Charter Communications, Inc., states and alleges as follows:

25.     Plaintiff hereby incorporates all other paragraphs herein.

26.     This Court has jurisdiction under K.S.A. §50-601, *et seq.*, the Kansas Consumer Protection Act (KCPA).

27.     Venue and personal jurisdiction are proper in this Court under K.S.A. §50-638(b) because Defendants Sequium Asset Solutions, LLC and Charter Communications, Inc. has engaged in collection activities in Wyandotte County, Kansas.

28.     Plaintiff is an individual within the meaning of the Kansas Consumer Protection Act.

29.     Plaintiff is a consumer as defined by K.S.A. §50-624(b) (2001).

30.     Defendants Sequium Asset Solutions, LLC and Charter Communications, Inc are suppliers as defined by K.S.A. §50-624(i) (2009) because it engages in or enforces consumer transactions.

31.     The transaction is a consumer transaction as defined by K.S.A. §50-624(c) (2011) in that it was for personal, family, or household purposes.

**Exhibit 2**

CM-22639-0151

32.     K.S.A §50-626 (2011) provides:

*(a)      No supplier shall engage in any deceptive act or practice in connection with a consumer transaction.*

33.     K.S.A §50-626 (2009) provides a non-exhaustive list of deceptive practices, a few of which are:

*(b)      Deceptive acts and practices include, but are not limited to, the following, each of which is hereby declared to be a violation of this act, whether or not any consumer has in fact been misled:*

*(1)      Representations made knowingly or with reason to know that:  (B) the supplier has a . . . status . . . that the supplier does not have;*

*(3)      The willful failure to state a material fact, or the willful concealment, suppression or* omission of a material fact . . . [.]

*(8)      Falsely stating, knowingly or with reason to know, that a consumer transaction involves consumer . . . obligations.*

34.     K.S.A §50-627 provides that *"(a) No supplier shall engage in any unconscionable act or practice in connection with a consumer transaction. An unconscionable act or practice violates this act whether it occurs before, during or after the transaction."*

35.     K.S.A §50-627 provides that in determining whether an act or practice is unconscionable, the Court shall consider circumstances of which the supplier knew or had reason to know, such as, but not limited to the following that:

*(1) The supplier took advantage of the inability of the consumer reasonably to protect the consumer's interests because of the consumer's physical infirmity, ignorance, illiteracy, inability to understand the language of an agreement or similar factor; and*

8                                               **Exhibit 2**

CM-22639-0151

*(3)  the consumer was unable to receive a material benefit from the subject of the transaction;*

36.     Defendants Sequium Asset Solutions, LLC and Charter Communications, Inc.'s acts and omissions violated K.S.A. §50-627 cited above and were unconscionable acts under the Kansas Consumer Protection Act.

37.     Defendants Sequium Asset Solutions, LLC and Charter Communications, Inc.'s acts and omissions were willful and were part of a pattern of deceptive and unconscionable acts and practices.

38.     Each act or omission described above constitutes a separate violation of the Kansas Consumer Protection Act, K.S.A. §50-623, et seq.

39.     Because of Defendants Sequium Asset Solutions, LLC and Charter Communications, Inc.'s deceptive acts, Plaintiff is an aggrieved consumer, has suffered loss and been harmed, has incurred actual damages, and has incurred attorneys' fees.

40.     Under K.SA. §50-634(e)(1), Plaintiff is entitled to reasonable attorneys' fees against Defendants Sequium Asset Solutions, LLC and Charter Communications, Inc. for having prosecuted this action.

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants Sequium Asset Solutions, LLC and Charter Communications, Inc. and requests the Court:

**Exhibit 2**

CM-22639-0151

a.    Issue a declaratory judgment that Defendants Sequium Asset Solutions, LLC and Charter Communications, Inc. has violated the Kansas Consumer Protection Act under K.S.A. §50-634(a)(1);

b.    Award actual damages and restitution to Plaintiff;

c.    If actual damages are less than $10,000.00, award statutory damages in an amount determined by the Court up to $10,000.00 per violation under K.S.A. §50-634(b) and K.S.A. §50-636 for every violation of the Kansas Consumer Protection Act;

d.    Issue an injunction against Defendants Sequium Asset Solutions, LLC and Charter Communications, Inc. precluding it from continuing the above-described conduct under K.S.A. §50-634(a)(2);

e.    Award costs and reasonable attorneys' fees, under K.S.A. §50-634; and

f.    Such other and further relief as the Court deems just and equitable.

10

**Exhibit 2**

Respectfully submitted,
By: _/s/ A.J. Stecklein_____
A.J. Stecklein #16330
Michael Rapp #25702
Stecklein & Rapp, Chd.
748 Ann Ave
Kansas City, KS 66101
Telephone:  (913) 371-0727
Facsimile:  (913) 371-0147
Email:
aj@kcconsumerlawyer.com

mr@kcconsumerlawyer.com
Attorneys for Plaintiff

11

**Exhibit 2**

# ELECTRONICALLY FILED

2020 Dec 10 AM 11:29
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER:  2020-LM-004099

Sunil Jain

vs.

Sequium Asset Solutions LLC, et al. et. al.

Division: 11

## SUMMONS

To the above-named Defendant/Respondent:

**Sequium Asset Solutions LLC**

**Registered Agent Solutions, Inc.**

**2101 SW 21st Street**

**Topeka, KS  66604**

You are hereby notified that a lawsuit commenced against you will be on this court's docket at 09:00 AM, on 02/08/2021, to be held at the following location:

Wyandotte County District Court

Wyandotte County District Court

710 N. 7th St.

Kansas City, KS 66101

If you do not appear before this court or file an answer at such time, judgment by default will be taken against you for the relief demanded in the petition.

If you intend to appear at such time and dispute the petition, you must file an answer with the clerk of this court within 14 days thereafter.

If you are not represented by an attorney, the answer shall be signed by you.  The answer shall state the following:

(1) what the dispute is;

(2) any affirmative defenses you have to the claim; and

(3) your (or your attorney's) current address, phone number, fax phone number, and e-mail address.

You must also promptly send a copy of your answer to the plaintiff's attorney or the plaintiff, if the plaintiff has no attorney.



Clerk of the District Court

Electronically signed  on 12/10/2020 11:59:34 AM

**Documents to be served with the Summons:**

Petition

**Exhibit 2**

ELECTRONICALLY FILED
2021 Jan 20 PM 3:07
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER:  2020-LM-004099

### IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
### LIMITED ACTIONS DIVISION

| | |
|---|---|
| **SUNIL JAIN,** | |
| **Plaintiff,** | |
| **vs.** | **Case Number: 2020-CV-004099** |
| **SEQUIUM ASSET SOLUTIONS, LLC, et al.,** | |
| **Defendants.** | |

### RETURN OF SERVICE

I hereby certify that a Petition and Summons were served on the 4th day of January 2021 in the above-captioned matter by certified mail return receipt requested to Defendant Charter Communications Inc. The name and address on the envelope containing the process mailed by certified mail return receipt requested were Charter Communications Inc., Registered Agent: Corporation Service Company, 2900 SW Wanamaker Drive, Suite 204, Topeka, Kansas 66614.
The certified mail return receipt is attached hereto.

Respectfully submitted,


By: /s/ A.J. Stecklein
A.J. Stecklein #16330
Michael H. Rapp #25702
Matthew S. Robertson #27254
Stecklein & Rapp Chartered
748 Ann Avenue, Suite 101
Kansas City, Kansas 66101
Telephone:  913-371-0727
Facsimile:  913-371-0727
Email: AJ@KCconsumerlawyer.com
        MR@KCconsumerlawyer.com
        MSR@KCconsumerlawyer.com
Attorneys for Plaintiff

**Exhibit 2**


**UNITED STATES**
**POSTAL SERVICE**

January 20, 2021

Dear Anne Lamoy:

The following is in response to your request for proof of delivery on your item with the tracking number:
**9214 8901 3247 3400 1313 4930 74**.

| Item Details | |
| --- | --- |
| **Status:** | Delivered, Front Desk/Reception/Mail Room |
| **Status Date / Time:** | January 4, 2021, 11:12 am |
| **Location:** | TOPEKA, KS 66614 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |
| **Recipient Name:** | Corporation Service Company |

| Destination Delivery Address | |
| --- | --- |
| **Street Address:** | 2900 SW WANAMAKER DR STE 204 |
| **City, State ZIP Code:** | TOPEKA, KS 66614-4188 |

**Recipient Signature**

Signature of Recipient:

Address of Recipient:

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

**Exhibit 2**



## Certificate of Service
## Declaration of Mailing

**CaseMail ID:** `CM-22639-0152.01`
**On Behalf of:**

Stecklein & Rapp
748 Ann Avenue Suite
101Kansas City, KS 66101

**On December 11, 2020**

A copy of the following documents were deposited for delivery by
`the United Stated Postal Service, via Certified Mail ERR / w signature,`

Postage prepaid, with sufficient postage thereon to the following recipients.

```
Charter Communications Inc.
Corporation Service Company
2900 SW Wanamaker Dr Ste 204
Topeka
KS
66614-4188
```

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

Dated: `12/11/2020 12:00 AM`

/ S / Joe L.Ruiz
VerTrius, Corp.
d/b/a CaseMail
16192 Coastal HWY
Lewes, DE 19958

| | |
|---|---|
| PROOF OF POSTAGE PAID: |  |
| PROOF OF POSTAGE PAID: |  |
| PROOF OF MAILING: | USPS® verified acceptance of the attached documents with sufficient postage paid and were mailed on the date listed below: **12/11/2020** |
| CONTENT VERIFICATION: | CaseMail ID: **CM-22639-0152.01** |

**Exhibit 2**

Copyright 2019 by VerTrius Corp All Rights Reserved

ELECTRONICALLY FILED
2020 Dec 02 PM 1:37
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2020-LM-004099

## In the District Court of Wyandotte County, Kansas
### Limited Actions Division

| | |
|---|---|
| SUNIL JAIN, | |
| Plaintiff, | |
| | Case Number: _____ |
| vs. | |
| SEQUIUM ASSET SOLUTIONS, LLC AND CHARTER COMMUNICATIONS, INC. | |
| Defendants. | |

## **PETITION**

COMES NOW Plaintiff, by and through counsel, and for Plaintiff's causes of action against Defendants Sequium Asset Solutions, LLC and Charter Communications, Inc. states as follows:

1.    Plaintiff is a resident of Kansas.

2.    Defendant Sequium Asset Solutions, LLC is a Georgia Limited Liability Company.

3.    At all times relevant hereto, Defendant Sequium Asset Solutions, LLC was and is engaged in the business of collecting consumer debts in Kansas.

4.    Defendant Charter Communications, Inc. is a Delaware Corporation.

5.    At all times relevant hereto, Defendant Charter Communications, Inc. was and is engaged in the business of providing cable and cell services in Kansas.

**Exhibit 2**

6.     The Court has concurrent jurisdiction over the Fair Debt Collection Practices Act pursuant to 15 USC §1692k(d).

7.     In January 2020, Plaintiff subscribed to an internet service provided by Defendant Charter Communications, Inc.  for a 10-day trial period and cancelled within the 10-day period.

8.     Plaintiff was informed by Defendant Charter Communications, Inc. that the fees were waived because Defendant Charter Communications, Inc.  also had a 30-day guarantee.

9.     Subsequent to the cancelling within the ten day period, Defendant Charter Communications, Inc. sent the account to a debt collector, Defendant Sequium, alleging that the debt was owed and past due in the amount of $80.00.

10.     Upon receiving the account from Defendant Charter Communications, Inc., Defendant Sequium attempted to collect the debt that was not owed by falsely reporting a collection to Equifax, Experian, and Trans Union.

11.     The adverse account appeared on Plaintiff's credit reports from Equifax, Experian, and Trans Union.

12.     In January 2020, Plaintiff contacted Defendant Charter Communications, Inc. to complain about the bad credit reporting.

13.     In that conversation in January, 2020, Defendant Charter Communications, Inc. told Plaintiff that Defendant Charter Communications, Inc.'s records indicated a balance of $0.00.

2

**Exhibit 2**

14.     Lenders of Plaintiff who accessed Plaintiff's credit reports during this time period were falsely told that Plaintiff did not pay his debts.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

COMES NOW Plaintiff Sunil Jain, and as for Count I against Defendant Sequim Asset Solutions, LLC, states and alleges as follows:

15.     Plaintiff incorporates herein the preceding paragraphs as though fully set forth hereunder.

16.     This is an action for damages brought by an individual consumer for Defendant Sequium Asset Solutions, LLC's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. (hereinafter FDCPA), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

17.     Plaintiff is a consumer as defined by 15 USC §1692a(3) of the FDCPA.

18.     The principal purpose of Defendant Sequium Asset Solutions, LLC is the collection of consumer debts using the mails and telephone, and Defendant Sequium Asset Solutions, LLC regularly attempts to collect debts alleged to be due another.

19.     Defendant Sequium Asset Solutions, LLC is a debt collector as defined by 15 USC §1692a(3) who uses any instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the collection of any

3

**Exhibit 2**

debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another or by taking of assignment of a debt already declared to be in default by the originating creditor.

20.     The Defendant Sequium Asset Solutions, LLC was attempting to collect a consumer debt as defined by 15 USC §1692a(5) as an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

21.     The standard in determining whether the Defendant Sequium Asset Solutions, LLC violated the FDCPA is the least sophisticated consumer standard. Claims should be viewed from the perspective of a consumer whose circumstances make him relatively more susceptible to harassment, oppression or abuse. *Schweizer v. Trans Union Corp.*, 136 F.3d 233, 237 (2nd Cir. 1998); *Swanson v. Southern Oregon Credit Service*, 869 F.2d 1222, 1225-27 (9th Cir. 1988); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172 -75 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991).

22.     In 2019, Plaintiff subscribed to a trial internet service that Defendant Sequium Asset Solutions, LLC Charter Communications was offering.

23.     Plaintiff timely cancelled the service prior to the expiration of the trial period and his account with Charter Communications had a $0.00 balance.

4

**Exhibit 2**

24.     Despite having a zero balance, Defendant Charter Communications hired Defendant Sequium Asset Solutions, LLC to collect a balance from Plaintiff of $80.00.

25.     In its efforts to collect the $80.00 on December 30, 2019, Defendant Sequium Asset Solutions, LLC reported incorrect averse credit information to Equifax, Experian and Trans Union regarding an account supposedly owed to Charter Communications.

26.     This adverse credit information was false because the account had a $0.00 balance.

17.     This was the only adverse reporting on Plaintiff's Equifax, Experian and Trans Union credit report.

18.     As a result of Defendant Sequium Asset Solutions, LLC Sequium Asset Solutions, LLC and Charter Communications, Inc. reporting this adverse credit information was published by Equifax, Experian and Trans Union to Plaintiff's existing and potential creditors.

19.     15 U.S.C. §  1692e entitled false or misleading representations states that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: The false representation of the character, amount, or legal status of any debt (15 U.S.C. §  1692e(2)(A)); and the threat to take any action that cannot legally be taken or that is not intended to be taken (15 U.S.C. §  1692e(5)); and the use of any false

**Exhibit 2**

CM-22639-0152

representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer (15 U.S.C. § 1692e(10)).

20.   5 U.S.C. § 1692f entitled unfair practices states that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

21.   Without limiting the general application of the foregoing, the following conduct is a violation of this section:  the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law (15 U.S.C. § 1692f(1)).

22.   The above-described acts are misleading to the  least sophisticated consumer

23.   Defendant Sequium Asset Solutions, LLC's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

24.   As a result of the above violations of the stated Act, the Defendant Sequium Asset Solutions, LLC is liable to the Plaintiff for actual damages; statutory damages up to $1,000.00 pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant Sequium Asset Solutions, LLC for actual damages; statutory damages pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees

**Exhibit 2**

CM-22639-0152

pursuant to 15 U.S.C. §1692k; and for such other and further relief as may be just and proper.

## <u>Count I – Kansas Consumer Protection Act</u>

COMES NOW Plaintiff, and as for Count I against Defendants Sequium Asset Solutions, LLC and Charter Communications, Inc., states and alleges as follows:

25.     Plaintiff hereby incorporates all other paragraphs herein.

26.     This Court has jurisdiction under K.S.A. §50-601, *et seq.*, the Kansas Consumer Protection Act (KCPA).

27.     Venue and personal jurisdiction are proper in this Court under K.S.A. §50-638(b) because Defendants Sequium Asset Solutions, LLC and Charter Communications, Inc. has engaged in collection activities in Wyandotte County, Kansas.

28.     Plaintiff is an individual within the meaning of the Kansas Consumer Protection Act.

29.     Plaintiff is a consumer as defined by K.S.A. §50-624(b) (2001).

30.     Defendants Sequium Asset Solutions, LLC and Charter Communications, Inc are suppliers as defined by K.S.A. §50-624(i) (2009) because it engages in or enforces consumer transactions.

31.     The transaction is a consumer transaction as defined by K.S.A. §50-624(c) (2011) in that it was for personal, family, or household purposes.

7

**Exhibit 2**

32.     K.S.A §50-626 (2011) provides:

(a)     *No supplier shall engage in any deceptive act or practice in connection with a consumer transaction.*

33.     K.S.A §50-626 (2009) provides a non-exhaustive list of deceptive practices, a few of which are:

(b)     *Deceptive acts and practices include, but are not limited to, the following, each of which is hereby declared to be a violation of this act, whether or not any consumer has in fact been misled:*

(1)     *Representations made knowingly or with reason to know that:  (B) the supplier has a . . . status . . . that the supplier does not have;*

(3)     *The willful failure to state a material fact, or the willful concealment, suppression or omission of a material fact . . . [.]*

(8)     *Falsely stating, knowingly or with reason to know, that a consumer transaction involves consumer . . . obligations.*

34.     K.S.A §50-627 provides that *"(a) No supplier shall engage in any unconscionable act or practice in connection with a consumer transaction. An unconscionable act or practice violates this act whether it occurs before, during or after the transaction."*

35.     K.S.A §50-627 provides that in determining whether an act or practice is unconscionable, the Court shall consider circumstances of which the supplier knew or had reason to know, such as, but not limited to the following that:

(1) *The supplier took advantage of the inability of the consumer reasonably to protect the consumer's interests because of the consumer's physical infirmity, ignorance, illiteracy, inability to understand the language of an agreement or similar factor; and*

8                                                          **Exhibit 2**

CM-22639-0152

*(3)  the consumer was unable to receive a material benefit from the subject of the transaction;*

36.     Defendants Sequium Asset Solutions, LLC and Charter Communications, Inc.'s acts and omissions violated K.S.A. §50-627 cited above and were unconscionable acts under the Kansas Consumer Protection Act.

37.     Defendants   Sequium   Asset   Solutions,   LLC   and   Charter Communications, Inc.'s acts and omissions were willful and were part of a pattern of deceptive and unconscionable acts and practices.

38.     Each act or omission described above constitutes a separate violation of the Kansas Consumer Protection Act, K.S.A. §50-623, et seq.

39.     Because of Defendants Sequium Asset Solutions, LLC and Charter Communications, Inc.'s deceptive acts, Plaintiff is an aggrieved consumer, has suffered loss and been harmed, has incurred actual damages, and has incurred attorneys' fees.

40.     Under   K.SA.   §50-634(e)(1),   Plaintiff   is   entitled   to   reasonable attorneys' fees against Defendants Sequium Asset Solutions, LLC and Charter Communications, Inc. for having prosecuted this action.

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants Sequium Asset Solutions, LLC and Charter Communications, Inc. and requests the Court:

**Exhibit 2**

CM-22639-0152

a.  Issue a declaratory judgment that Defendants Sequium Asset Solutions, LLC and Charter Communications, Inc. has violated the Kansas Consumer Protection Act under K.S.A. §50-634(a)(1);

b.  Award actual damages and restitution to Plaintiff;

c.  If actual damages are less than $10,000.00, award statutory damages in an amount determined by the Court up to $10,000.00 per violation under K.S.A. §50-634(b) and K.S.A. §50-636 for every violation of the Kansas Consumer Protection Act;

d.  Issue an injunction against Defendants Sequium Asset Solutions, LLC and Charter Communications, Inc. precluding it from continuing the above-described conduct under K.S.A. §50-634(a)(2);

e.  Award costs and reasonable attorneys' fees, under K.S.A. §50-634; and

f.  Such other and further relief as the Court deems just and equitable.

**Exhibit 2**

CM-22639-0152

Respectfully submitted,
By: /s/ A.J. Stecklein
A.J. Stecklein #16330
Michael Rapp #25702
Stecklein & Rapp, Chd.
748 Ann Ave
Kansas City, KS 66101
Telephone: (913) 371-0727
Facsimile: (913) 371-0147
Email:
aj@kcconsumerlawyer.com

mr@kcconsumerlawyer.com
Attorneys for Plaintiff

11

**Exhibit 2**

# ELECTRONICALLY FILED
2020 Dec 10 AM 11:29
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2020-LM-004099

<u>Sunil Jain</u>

vs.

<u>Sequium Asset Solutions LLC, et al. et. al.</u>

Division: 11

## SUMMONS

To the above-named Defendant/Respondent:

**Charter Communications Inc**

**Corporation Service Company**

**2900 SW Wanamaker Drive, Suite 204**

**Topeka, KS  66614**

You are hereby notified that a lawsuit commenced against you will be on this court's docket at 09:00 AM, on 02/08/2021, to be held at the following location:

Wyandotte County District Court

Wyandotte County District Court

710 N. 7th St.

Kansas City, KS 66101

If you do not appear before this court or file an answer at such time, judgment by default will be taken against you for the relief demanded in the petition.

If you intend to appear at such time and dispute the petition, you must file an answer with the clerk of this court within 14 days thereafter.

If you are not represented by an attorney, the answer shall be signed by you.  The answer shall state the following:

(1) what the dispute is;
(2) any affirmative defenses you have to the claim; and
(3) your (or your attorney's) current address, phone number, fax phone number, and e-mail address.

You must also promptly send a copy of your answer to the plaintiff's attorney or the plaintiff, if the plaintiff has no attorney.



Clerk of the District Court

Electronically signed  on 12/10/2020 11:59:34 AM

**Documents to be served with the Summons:**

Petition

**Exhibit 2**

ELECTRONICALLY FILED
2021 Jan 21 AM 9:29
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER:  2020-LM-004099

## IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
## LIMITED ACTIONS DIVISION

| | |
|---|---|
| SUNIL JAIN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No.: 2020-LM-004099 |
| | ) |
| SEQUIUM ASSET SOLUTIONS, LLC and | ) |
| CHARTER COMMUNICATIONS, INC., | ) |
| | ) |
|     Defendants. | ) |

### ENTRY OF APPEARANCE

COMES NOW Steven A. Shredl of Thompson Coburn LLP, and enters his appearance as counsel of record on behalf of Defendant Charter Communications, Inc.

Respectfully submitted,

**THOMPSON COBURN LLP**

By */s/ Steven A. Shredl*
   Steven A. Shredl, KS - 28134
   One US Bank Plaza
   St. Louis, Missouri  63101
   314-552-6000
   FAX 314-552-7000
   sshredl@thompsoncoburn.com

*Attorneys for Defendant*
*Charter Communications, Inc.*

**Exhibit 2**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Entry of Appearance has been filed electronically via the Court's electronic filing system and mailed, first class mail postage prepaid, this 21st of January, 2021 to:

A.J. Stecklein, #16330
Michael Rapp #25702
Stecklein & Rapp, Chd.
748 Ann Avenue
Kansas City, KS 66101
(913) 371-0727
FAX (913) 371-0147
aj@kcconsumerlawyer.com
mr@kcconsumerlawyer.com

*Attorneys for Plaintiff*

*/s/ Steven A. Shredl*

**Exhibit 2**